UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LENORA HAMPTON                                                                PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:10-CV-00121-CRS

THE NATIONAL AMERICAN
RED CROSS, ET AL.                                                             DEFENDANT

# MEMORANDUM OPINION

This case is before the Court on cross motions for summary judgment filed by Plaintiff Lenora Hampton ("Hampton") (DN 42) and Defendants American National Red Cross ("National") and American Red Cross, Louisville Area Chapter ("Chapter") (collectively "Defendants") (DN 41). For the reasons set forth below, the Court will grant Defendants' Motion for Summary Judgment, and deny Hampton's Motion for Summary Judgment.[1]

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Hampton is a former employee of Chapter, where she worked as a driver in the transportation department. On February 26, 2008, Hampton informed her immediate supervisors Charles M. Steinhofer, Jr. ("Steinhofer"), and Beecher Hudson ("Hudson"), that she had recently been granted joint legal custody of her two grandchildren. Because Hampton's daughter, the other legal custodian, had

---

[1] Also submitted for decision is a motion by Defendants (DN 56) to strike the affidavits of Robin L. Cowherd (DN 52-2) and Gerald Snyder (DN 52-3), both of which were tendered by Plaintiff in support of her motion for summary judgment. Because the Court does not rely on these affidavits in resolving the motions for summary judgment, the motion to strike affidavits will be denied as moot. Finally, there is also a motion for excusable neglect due to technical difficulties (DN 43) filed by Hampton wherein she requests that the Court excuse the belated filing of her motion for summary judgment. Because Plaintiff has provided adequate grounds to excuse the belated filing, the motion for excusable neglect will be granted.

been committed to the Jefferson Alcohol and Drug Abuse Center, Hampton stated that she was the only person available to care for her grandchildren. In addition, Hampton informed them that one of her grandchildren had a serious medical condition requiring special medical treatment. As discussed more fully below, the parties vigorously dispute whether Hampton specifically requested leave during the course of this meeting, or merely informed her supervisors of her situation without actually requesting to take time off. However, it is undisputed that, at the end of the meeting, Steinhofer and Hudson suggested that Hampton take the remainder of the week off.

The following week, Hampton was absent from work without explanation on Monday March 3, 2008, and Tuesday March 4, 2008. In accordance with Chapter's attendance policy, Hampton was fired for failing to show up to work for two consecutive days.

On February 25, 2010, Hampton filed the present action alleging that Defendants violated the FMLA by interfering with her rights thereunder and terminating her in retaliation for taking FMLA leave. On April 29, 2013, Defendants filed a motion for summary judgment (DN 41) arguing that: 1) Defendant National was not Hampton's employer and therefore is not a proper party to this lawsuit; and 2) Hampton's FMLA claims fail as a matter of law against Defendant Chapter. While conceding that Defendant National is not a proper party,[2] Hampton argued that Defendant Chapter had failed to satisfy its burden of demonstrating that summary judgment was warranted. On April 30, 2013, Hampton filed her own motion for summary judgment (DN 42), arguing that there was no genuine dispute that Defendant Chapter violated the FMLA.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will not consider the motions for summary judgment.

---

[2] Because Hampton has conceded that Defendant National is not a proper party, *see* (Resp. to Mot. for Summ. J, DN 50-2, at 15–16), summary judgment will be entered in favor of Defendant National on all of Hampton's claims.

**STANDARD**

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). If the moving party satisfies this burden, the burden of production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party fails to satisfy its burden of counterproduction, the court must grant the motion for summary judgment.

**DISCUSSION**

There are "two distinct theories for recovery under the FMLA: (1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2)." *Killian v. Yorozu Auto. Tenn., Inc.*,

454 F.3d 549, 555 (6th Cir. 2006) (quoting *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004)). Hampton asserts claims based on both an interference and a retaliation theory. In determining whether summary judgment is appropriate, the Court will consider Hampton's claims in turn.

**I. Interference**

FMLA interference claims arise under 29 U.S.C. § 2615(a)(1), which provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter." To establish a *prima facie* case of interference, the plaintiff must prove that: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of his intention to take leave; and (5) the defendant denied the employee FMLA benefits to which she was entitled. *Killian*, 454 F.3d at 556 (citing *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005)). Because the only issue is whether the employee was entitled to the FMLA benefits denied by his employer, an employer's intent is not relevant to determining whether actionable interference has occurred. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

Defendants argue that summary judgment is appropriate because there is no genuine dispute that Hampton failed to provide notice of her intention to take leave in accordance with 29 U.S.C. § 2612(e)(1). In support of this argument, Defendants cite the following excerpts from Hampton's deposition testimony wherein she was asked about what took place at the February 26 meeting:

Q: Had you asked them for time off?

A: No...

* * *

Q: If you would look under Infraction here, it says "On February 26, 2008, Ms. Hampton asked to be off for the remainder of the week." First of all, does that accurately describe what happened during a meeting on February 26, 2008?

A: No, Sir.

Q: Why not?

A: Because I didn't ask for anything. I went in to tell them my situation, hoping that they would know what to do next, help me keep my job. I did state that one of my grandbabies was sick, because she was, you know, but I wasn't stating that that was the reason that I needed to be off or anything like that.

* * *

Q: Did you state that you will not be returning to work on Monday, March the 3rd?

A: No, I did not. No.

* * *

Q: But you did not state... how many days you would take off or when you would return?

A: Right. Amen. Yes, sir. I didn't state that.

(Hampton Deposition, DN 41-4, at 46:20–47:05, 47:25–48:13, 63:17–64:19, 64:02–07).

In response, Hampton has advanced two arguments. First, Hampton challenges Defendants' contention that she failed to request leave during the February 26 meeting. In support of this argument, Hampton has tendered an affidavit wherein she specifically states that she requested leave during the meeting. *See* (Hampton Affidavit, DN 50-3, at ¶ 16). Second, Hampton argues that, even if she did not explicitly request leave, the fact that she provided her supervisors with sufficient information for them to reasonably infer that she qualified for FMLA leave required them to take affirmative action in order to ensure she received all leave to which she was entitled. According to Hampton, "the key

language the Court should focus on" is this excerpt from Hampton's deposition testimony:

> I just basically went in there to tell them my situation, because I was looking for help at that point because my daughter had went in-house and it was getting to be too hard to find somebody, because she [the infant with a serious medical condition] wasn't in daycare yet, and I had to go in there—and I didn't know really what to do. So I went in there and explained to them [her superiors] what was going on. They never asked me to see any documents. They never told me nothing.

(Hampton Deposition, DN 41-4, at 46:21–47:05).

Hampton's first argument fails because "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service*, 128 F.3d 408, 417 (6th Cir. 1997). Thus, her affidavit notwithstanding, Hampton must abide by the statement in her deposition testimony that she did not request leave during the February 26 meeting. Accordingly, Hampton cannot defeat summary judgment by claiming that there exists a genuine dispute of material fact regarding whether she requested leave.

Hampton's second argument is similarly unavailing. Although it is true that an "employee need not expressly assert rights under the FMLA or even mention the FMLA" in order to invoke his rights thereunder, 29 C.F.R. § 825.303(b), an employee must nevertheless *expressly request leave* before triggering the employer's duty to inquire further. Although the parties do not address whether Hampton's leave would have been considered foreseeable or unforeseeable, foreseeability is immaterial because in either case the statute and regulations require the employee to both: 1) request leave; and 2) provide sufficient information to notify the employer that the leave qualifies under the

FMLA. *Compare* 29 U.S.C. § 2612(e) (foreseeable leave), *and* 29 C.F.R. § 825.303 (unforeseeable leave). By suggesting that Hampton properly notified Defendants of her intention to take leave by merely providing information suggesting that *she would be eligible to take FMLA leave if she so desired*, Hampton overlooks the primary requirement that the employee must specifically request to take a leave of absence. Indeed, all of the cases cited by Hampton assume that the employee has properly requested to take a leave of absence, and thus focus instead on whether the employee has provided sufficient information regarding whether the requested leave qualifies under the FMLA. Here, by contrast, Hampton failed to request leave in the first instance, thereby rendering it irrelevant whether she provided her supervisors with sufficient information to notify them that she was eligible for leave under the FMLA. Accordingly, summary judgment is appropriate because there is no genuine dispute that Hampton failed to provide notice of her intention to take FMLA leave.

**II. Retaliation**

FMLA retaliation claims arise under 29 U.S.C. § 2615(a)(2), which provides that "it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). "The issue in an FMLA retaliation claim is whether an employer retaliated or discriminated against an employee because the employee invoked her FMLA rights." *Chavez v. Dakkota Integrated Sys., LLC*, 832 F.Supp.2d 786, 799 (W.D. Ky. 2011) (quoting *Brady v. Potter*, 476 F.Supp.2d 745, 758 (N.D. Ohio 2007)). Thus, to establish a *prima facie* case of retaliation, the plaintiff must prove by a preponderance of the evidence that: 1) she engaged in an activity protected by the FMLA; 2) the defendant knew about the protected activity; 3) the defendant

thereafter took adverse employment action against her; and 4) there was a causal connection between the protected activity and the adverse employment action. *See Morris v. Family Dollar Stores of Ohio, Inc.*, 320 Fed.Appx. 330, 338 (6th Cir. 2009) (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)).

Defendants argue that, because Hampton never requested leave, there is no genuine dispute that they did not know about Hampton's protected activity. Although Hampton argues that she engaged in FMLA-protected activity, Hampton never argues that Defendants were aware that she was doing so. *See* (Mot. for Summ. J., DN 42-1, at 28–33); (Resp. to Mot. for Summ. J, DN 50-2, at 24–32). Because Defendants' knowledge of the protected activity is a necessary element of an FMLA retaliation claim, summary judgment is warranted on this basis alone.

A separate order will be entered in accordance with this opinion.

                                          **Charles R. Simpson III, Senior Judge**
                                          **United States District Court**

February 26, 2014